

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*405 East 8th Avenue*  *(541) 465-6771*
*Eugene, OR 97401-2708*  *Fax: (541) 465-6917*

November 13, 2013

Mark Weintraub
Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, OR 97401

   Re: *United States v. Steven Anthony Kidd*
     Case No. 13-CR-00028-AA
     Plea Agreement Letter

Dear Mr. Weintraub:

**1.** **Parties/Scope:** This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein. This plea agreement letter supersedes all prior plea agreement letters.

**2.** **Charges:** Defendant agrees to plead guilty to counts one and two of the superseding information, each of which charges the crime of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2).

**3.** **Penalties:** The maximum sentence for sex trafficking of a minor is life in prison with a mandatory minimum sentence of 10 years in prison, a $250,000 fine, a term of supervised release of ~~up to~~ five years [handwritten: "at least mw"] and a $100 fee assessment for each count. Defendant agrees to pay the $200 total fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

[handwritten initials in margin]

**4.** **Elements:** Defendant understands that the elements for sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), are as follows:

  A. The defendant knowingly recruited, enticed, harbored, transported, provided or obtained a person that defendant knew was less than eighteen years old;

  B. The defendant knew that the person would be caused to engage in a commercial sex act;

C. The defendant's act of recruiting, enticing, harboring, transporting, providing or obtaining was in or affecting interstate commerce.

Defendant admits that he committed the crimes of sex trafficking of a minor as alleged in counts 1 and 2 of the superseding information as follows:

For count 1:

On or about and between October 26, 2012 and October 28, 2012, in the District of Oregon, defendant knowingly transported a female who defendant knew was less than eighteen years of age (referred to hereafter as "AA"), to Medford, Oregon. Defendant then obtained a motel room for himself and AA and posted an online advertisement to solicit customers to engage in commercial sex acts with AA. Defendant used his cell phone to communicate with customers and potential customers, and over a two-day period he transported AA to engage in commercial sex acts on multiple separate occasions. AA provided defendant with the proceeds of the commercial sex acts.

For count 2:

On or about December 2, 2012 in the District of Oregon, defendant knowingly transported a female who defendant knew was less than eighteen years of age (referred to hereafter as "BB"), to Corvallis, Oregon. Defendant had previously posted an online advertisement to solicit customers to engage in commercial sex acts with BB. Defendant used his cell phone, and/or had BB use his cell phone, to communicate with the customer and potential customers. On both December 2 and December 3, 2012, defendant drove BB to a residence where she engaged in a commercial sex act. BB provided defendant with the proceeds of the commercial sex acts.

5. **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this sex trafficking investigation, known to the USAO at the time of this agreement.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Base Offense Level**: The parties agree that pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2G1.3(a)(2) the base offense level for counts 1 and 2 is level 30. The parties agree that the sentencing enhancements set forth below apply to both counts.

8. **Sentencing Enhancements**: The parties agree that defendant should receive the following enhancements: a two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(2)(B) for unduly influencing a minor to engage in prohibited sexual conduct, a two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(3)(B) for use of a computer or an interactive computer service, and a two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(4) because the offense involved

U.S. v. Kidd Plea Letter
Page 3

the commission of a sex act. The parties agree that following the sentencing enhancements, the offense level for both counts 1 and 2 is level 36.

**9.     Combined Offense Level:** Pursuant to U.S.S.G. § 3D1.4, the parties agree that a two-level increase in the offense level is applicable because of the multiple counts of conviction. As a result, the offense level is 38.

**10.    Acceptance of Responsibility:** Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

**11.    Sentencing Recommendation:** Taking into account defendant's conduct and the factors set forth in 18 U.S.C. § 3553(a), the parties agree that a sentence of 144 months prison is appropriate. Accordingly, the parties will jointly recommend that defendant be sentenced to 144 months in prison to be followed by a five-year term of supervised release. Neither party may recommend a sentence above or below 144 months in prison.

**12.    Additional Departures, Adjustments, or Variances:** The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments or variances to the advisory sentencing guideline range, or to seek a sentence below that range, except as specified in this agreement.

**13.    Waiver of Appeal/Post-Conviction Relief:** So long as the Court does not sentence defendant to a term of incarceration that exceeds the statutory maximum, defendant agrees to waive all rights he would otherwise have to appeal his conviction or sentence on any ground whatsoever, and specifically waives the right to appeal the denial of his motion to suppress. Defendant also agrees not to file a *habeas* petition under 28 U.S.C. § 2255, or any other similar post conviction petition or motion, on any ground, except for ineffective assistance of counsel or retroactive amendments to the Guidelines. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal or on remand.

**14.    Restitution:** Defendant agrees that the victims described in the superseding information are entitled to restitution, including for the costs of any physical or mental treatment that occurred after and as a result of the commission of the offenses. Defendant stipulates and agrees to the entry of an order requiring the payment of full restitution. Included within the restitution order is any agency who is paying or previously paid for the cost of the treatment to the victims. The amount is immediately payable in full and due in an amount to be described by the government at sentencing. If defendant cannot pay the entire remaining balance at the time of sentencing, he agrees to minimum monthly payments to be determined by the court.

U.S. v. Kidd Plea Letter
Page 4

15. **Court Not Bound:** The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Asset Forfeiture:** By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 1954(d) and (e), including digital devices which were used or intended to be used to commit or promote the commission of the offense alleged in counts 1 and 2 of the information.

17. **Full Disclosure/Reservation of Rights:** The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

19. **Breach of Plea Agreement:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

20. **Memorialization of Agreement:** No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea. By attaching it to his plea petition, defendant agrees that this agreement is to be considered by the Court and the Ninth Circuit Court of Appeals as part of his plea colloquy under Fed.R.Crim.P.11.

21. **Deadline:** This plea offer expires if not accepted by November 20, 2013 at 5:00 p.m., and may be revoked at any time prior to entry of a guilty plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

JEFFREY S. SWEET
Assistant United States Attorney

U.S. v. Kidd Plea Letter
Page 5

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

4-9-14
Date

*Stevenkiss* (signature)
STEVEN ANTHONY KIDD
Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4/9/14
Date

MARK WEINTRAUB
Attorney for Defendant